## Case No. 8,768.

### MACDONALD v. SIDENBERG et al.

[4 Ban. & A. 586;[1] 18 O. G. 193.]

Circuit Court, S. D. New York. Oct. 25, 1879.

PATENTS—SKIRT PROTECTOR—INFRINGEMENT—FLUTED OR PLAITED BORDER.

A patent for a skirt protector, in which the article is described as having a fluted or plaited border bound with or composed of enamelled cloth or other water-proof material, is infringed by a protector which does not have a fluted or plaited border, but is like the patented article in all other respects. The cases of Macdonald v. Blackmer [Case No. 8,757], and Same v. Shepard [Id. 8,767], cited and followed.

[Cited in Day v. Combination Rubber Co., 2 Fed. 571; Macdonald v. Shepard, 4 Fed. 229.]

[This was a motion by Helen Marie Macdonald for an injunction to restrain Gustavus Sidenberg and others from the infringement of a certain patent.]

Helen M. Macdonald, pro se.
E. N. Dickerson, for defendants.

BLATCHFORD, Circuit Judge. In the original case against Blackmer [Case No. 8,758], Judge Shepley held that the plaintiff was the first and original inventor of a skirt-protector having a fluted or plaited border bound with or composed of enamelled cloth or other water-proof material, as distinguished from a skirt-facing (which he remarked, was an entirely different article), and from a skirt-pro-

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

tector made of wiggin or similar material, which was substantially useless for the purpose, as compared with the plaintiff's invention. In the original Blackmer Case, the Mackee patent [No. 45.840], of January 10th, 1865, was introduced to defeat the plaintiff's patent; also, the Mandell patent [No. 151,-039], of May 19th, 1874, application filed November 26th, 1873. The plaintiff's patent [No. 155,534] was granted September 29th, 1874, on an application filed May 10th, 1873. The plaintiff carried the making of her invention back, in the original Blackmer suit, to December, 1861. Various unpatented devices were introduced in that suit to anticipate the plaintiff's invention, but none of them were earlier in date than December, 1861. The defendants in the Blackmer suit were then allowed to set up the De Forest patent [No. 61,172] of January 15th, 1867, to defeat the plaintiff's patent, by a supplemental answer, and further proofs were taken. Judge Lowell heard the case, and held, on the evidence, that the plaintiff's invention was made in 1861; that the De Forest invention was later, and that the plaintiff's patent was valid. In the Blackmer Case [supra], the defendant's article had specifically a fluted or plaited border.

Subsequently, the case of Macdonald v. Shepard [Case No. 8,767], came before Judge Lowell, in which the defendant's article, though like the plaintiff's in other respects, did not have a fluted or plaited border. Judge Lowell said that it was within the description of the plaintiff's patent, unless the fluted or plaited border was an essential part of the plaintiff's invention, so that a plain or straight border, not gathered into plaits, would be without the scope of the patent. He further said: "I understand that the fluting or plaited is merely a part of the finish, proper and, perhaps, necessary, when the skirt to be protected is made of a certain shape, unnecessary when it is of another shape. It seems to me that both parties took for granted, in that case" (the Blackmer Case, before Judge Shepley) "that a skirt-protector, not plaited, would defeat the plaintiff's patent, if proved to have been made before the date of her invention. I certainly so understood it in deciding upon the questions raised by the discovery of the De Forest patent." An injunction was granted.

The defendants' article, in the present case, does not have a fluted or plaited border, but it is like the plaintiff's article in all other respects. I concur with Judge Lowell in not regarding the fluted or plaited border as essential, in view of the state of the art prior to the plaintiff's invention in December, 1861. The affidavits presented by the defendants in the present case, do not show any article, anticipating that date, like the plaintiff's invention, whether with or without a fluted or plaited border. T. D. Day gives no date earlier than 1865. The article of 1858, which J. Morrison speaks of, was only a facing.

His entire affidavit is too vague and general. H. Douglass, as to a skirt-protector of enamelled cloth over a facing, gives, as a date, "as early as 1861." This is not sufficient. R. Hood goes back only to 1865.

An injunction is granted.

[For other cases involving this patent, see note to MacDonald v. Blackmer, Case No. 8,758.]